UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

DAVONTE LANGSTON,

    Plaintiff,                            Case No.
                                            Hon.

JEFFERSON CAPITAL SYSTEMS, LLC

    Defendant(s).

_____/

## COMPLAINT

Plaintiff Davonte Langston, by and through his attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

### Nature of Action

1. Plaintiff brings this action against the Defendant seeking damages and equitable relief, to redress the Defendant's systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, violations of the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*, and the Michigan Occupational Code, M.C.L. § 339.901 ("MOC").

### Parties

2. Plaintiff Davonte Langston ("Plaintiff") is a citizen of Michigan residing in Albion, Michigan.

3. Defendant Jefferson Capital System, LLC ("Jefferson Capital"), is a Domestic Professional Limited Liability Company whose Resident Agent is CSC Lawyers Incorporating Service. JEFFERSON CAPITAL is engaged in the business of purchasing

1

and collecting defaulted and charged off consumer debts. JEFFERSON CAPITAL uses interstate commerce and the mails in a business the principal purpose of which is the collection of debt. JEFFERSON CAPITAL regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. JEFFERSON CAPITAL is a "regulated person" as the term is defined and used in the MCPA, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. During all times pertinent hereto, the Defendant and/or its' representatives directly and indirectly participated in efforts to collect alleged debt from the Plaintiff.

5. The Defendant represents a collection agency operating as a "Debt Collector as that term is defined by 15 U.S.C. 1692a(6).

### Jurisdiction and Venue

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction regarding the Plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this jurisdiction is proper because the Defendant transact business here and the pertinent events took place in the district.

### Factual Background

7. On or around August 22, 2022, a complaint was filed in the 10th District Court of Michigan by the Defendant on against the Plaintiff alleging a failure to pay on same resulting in a *claimed* sum due and owing on an account in the amount of $7,635.39; the relevant case number is 228621GC.

8. The debt allegedly owed by the Plaintiff was related to personal, family or

household purposes and is representative of "consumer debt" as that term is defined by 15 U.S.C § 1692a(5).

9. On or around November 1, 2022 a notice of legal representation, formal legal appearance and first set of responsive legal pleadings were filed on behalf of the Plaintiff LANGSTON in the above-referenced matter in the 10$^h$ District Court (*see Exhibit A*); a corresponding set of these pleadings were likewise served upon the Defendant via counsel on or around the same date.

10. Despite the foregoing, the Defendant continued its' attempts to communicate with and attempt to collect directly from the Plaintiff LANGSTON by mail directly to LANGSTON despite clear and unequivocal knowledge of his legal representation, most recently on January 23, 2023 (*see Exhibit B*).

11. The case was formally dismissed by Court Order on February 27, 2023 (*see Exhibit C*).

12. The Fair Debt Collection Practices Act ("FDCPA") is a consumer protection statute that "imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587. 130 S.Ct. 1605, 1615 (2010).

13. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to communicate with a consumer in connection with the collection of any debt <u>if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address</u>. 15 U.S.C. §1692c(2).

14. In representing a client, a lawyer shall not communicate about the subject of

3

the representation with a person the lawyer knows to be represented by another lawyer in the matter, ABA/MRPC rule 4.2.

15. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

16. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt.  15 U.S.C. §1692e(2)(A).

17. The FDCPA states that it is unlawful for a debt collector to take any action which it cannot legally take in connection with a particular debt.  15 U.S.C. § 1692e(5).

18. The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false.  15 U.S.C. § 1692e(8).

19. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

20. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

21.     The Defendant violated the FDCPA, 15 U.S.C. §§§ 1692c(2), 1692e and 1692e(2)(A), (8), and (10), and 1692f(1).  See, e.g., *Watkins v. Peterson Enterprises, Inc.*,

57 F.Supp.2d 1102 (E.D. Wash. 1999).

22. The FDCPA is a strict liability statute and thus proof of <u>one</u> violation thereof is sufficient to support a finding of summary judgment in favor of a Plaintiff. *Cacace v Lucas,* 775 F. Supp. 502, 505 (D. Conn. 1991). Moreover, a plaintiff in such instances does not need to prove knowledge or intent. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011). The Plaintiff also does not have to have suffered actual damages. *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 437 (6th Cir. 2008).

23. The described acts and omissions of the Defendant were done in connection with efforts to collect an alleged debt from the Plaintiff, such having been done intentionally and willfully.

24. The Defendant intentionally and willfully violated the FDCPA, causing the Plaintiff severe emotional distress and anxiety.

25. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has sustained consequential damages, including attorney fees and legal expenses.

**Conclusions of Law**

26. The collection actions taken against the Plaintiff by the Defendant violated numerous provisions of the FDCPA.

27. This Circuit has previously held that the omission of the bona-fide error defense in this state but otherwise available as an affirmative defense in other jurisdictions, thereby allowing debt collectors to show that their violation was unintentional, signifies Michigan's specific intent to avoid absolving debt collectors of

5

liability, even for unintentional mistakes (e.g. initiating suit in the wrong district). *Gamby v. Equifax Information Services, LLC*, 2010 U.S. Dist. Lexis 1157, 1165 (E.D. Mich. Jan. 7, 2010).

### COUNT I- VIOLATION OF 15 U.S.C. § 1692

28. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

29. This jurisdiction is reliant upon the "least sophisticated debtor" standard to determine whether a communication might effectively deceive an unsophisticated consumer under 15 U.S.C. 1692. *Smith v Computer Credit*, 167 F.3d 1052 (6th Cir. 1999). More specifically, "the fact that a false statement may be obviously false to those who are trained and experience does not change its character, nor take away its power to deceive others less experienced." *Federal Trade Commission v Standard Education Society*, 302 U.S. 112, 116, 50 S.Ct. 113, 115, 82 L.Ed. 141 (1937).

30. For a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011).

31. Generally, the FDCPA permits recovery of actual damages for emotional distress. More specifically, pursuant to 15 U.S.C. § 169k(a)(1), "any debt collector who fails to comply with the FDCPA with respect to any person is liable to such a person in an amount to the sum of…any actual damages sustained by such person as a result of such failure. Commentary to the FDCPA goes on to state that such actual damages for FDCPA violations include "<u>damages for personal humiliation, embarrassment, mental anguish, or emotional distress,</u>" as well as "out-of-pocket" expenses." Staff Commentary

6

on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13 1988). See also *Beeker v. Montgomery, Lynch*, 2003 WL 23335929 at 2 (N.D. Ohio) (FDCPA permits recovery of actual damages for emotional distress).

32. Districts within the Sixth Circuit including the Northern District of Ohio have concluded that the FDCPA does not require a plaintiff to satisfy the state law elements of intentional or negligent infliction of emotional distress to recover actual damages for such under 15 U.S.C. § 1692k(a). *Id* at 2.  See also *Minick v. First Federal Credit Control, Inc*. 1981 U.S. Dist. LEXIS 18622, at 3-4 (N.D. Ohio).  "Actual damages for emotional distress can be proved independently of state law requirements" for intentional or negligent infliction of emotional distress. *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991).  In addition, courts have previously concluded that a Plaintiff may prove actual damages for emotional distress purely through his or her own testimony. *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004).

33. Moreover, under the FCRA <u>actual damages may include economic damages and damages for "humiliation and mental distress</u>." *Bryant v. TRW, Inc.,* 487 F. Supp. 1234, 1239-40 (E.D. Mich. 1980).  The court in that instance instructed the jury to consider mental anguish, embarrassment, and humiliation in determining the proper measure of actual damages to award the victim of a FRCA violation. *Id* at 1239.  Such is particularly important given that the damages standard under the FRCA has been looked to when determining the appropriate standard under the FDCPA. *Smith* at 187.

34. The sustained efforts to collect an amount from the Plaintiff which he was not presently required to repay caused him humiliation and distress.

35. As an actual and proximate result of the acts and omissions of the Defendant,

the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

## COUNT II- VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

36. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

37. The Defendant represents a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

38. The Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

39. The Defendant's foregoing acts in attempting to collect the alleged debt at issue violated MCL § 339.915e, which prohibits a Licensee from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."

40. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 339.915f, which prohibits a Licensee from "misrepresenting in a communication with a debtor any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

41. The Defendant violated M.C.L. § 339.915(a) by communicating with the Plaintiff in a misleading or deceptive manner, specifically in light of their clear knowledge he had retained legal counsel to represent him in the associated matter.

42. The Defendant violated M.C.L. §339.915(e) for the foregoing reasons.

43. The Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive,

8

or abusive method(s) to collect a debt.

44. The Defendant violated M.C.L. 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

45. The Defendant's violations of the Michigan Occupational Code were willful given the clear and unmistakable notice that already possessed of the Plaintiff's legal representation pursuant to the debt at issue.

46. As an actual and proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, loss of sleep and suffering, not to mention causing counsel for Plaintiff unnecessary additional work by having to deal with the situation, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

47. More specifically, due to the Defendant's willful violations of the MOC, the Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916.

### COUNT III- VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

48. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

49. The Defendant represents a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

50. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

51. Generally speaking, "the Michigan Collection Practices Act prohibits abusive collection efforts…with respect to obligations arising out of a 'purchase made primarily for personal, family, or household purposes." *Levant v. Am. Honda. Fin. Corp.*, 356 F. Supp. 2d 776, 782 (E.D. Mich. 2005).

52. The Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff in a misleading or deceptive manner for the reasons already outlined in the foregoing paragraphs.

53. The Defendant violated M.C.L. § 445.252(e) for the foregoing reasons.

54. The Defendant violated M.C.L. 445.252(n) by using a harassing, oppressive, and/or abusive method(s) to collect the debt at issue.

55. The Defendant violated M.C.L. 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by the Defendant's agents and/or employees.

56. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 445.252e, which prohibits a Regulated Person from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."

57. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252f, which prohibits a Regulated Person from "misrepresenting in a communication with a debt any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

58. The Defendant, specifically by way of the communications between its' agents and representatives and the Plaintiff, clearly misrepresented to the Plaintiff his legal rights.

59. Plaintiff has suffered damages as a result of these violations of the Michigan Collection Practices Act.

60. These violations of the MCPA were willful, and as a result the Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257.

## CONCLUSION

### COUNT I VIOLATIONS OF 15. U.S.C § 1692

**WHEREEFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages for Plaintiff pursuant to 15 U.S.C. §1692k and M.C.L. § 339.916(2);
(B) Statutory damages for Plaintiff pursuant to 15 U.S.C. §1692k and M.C.L. § 339.916(2);
(C) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and M.C.L. § 339.916(2); and
(D) Such further relief as the court deems just and proper.

### COUNT II & III- VIOLATION OF MICHIGAN OCCUPATIONAL CODE AND MICHIGAN COLLECTION PRACTICES ACT

**WHEREFORE,** based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages pursuant to M.C.L. 339.916(2);
(B) Treble the actual damages pursuant to M.C.L. 339.916(2);
(C) Statutory damages pursuant to M.C.L. 339.916(2); and
(D) Reasonable attorney's fees and court costs pursuant to M.C.L. 339.916(2).

11

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Respectfully submitted,

Dated: February 28, 2023

/s/ Nicholas Reyna
By: Nicholas Reyna (P68328)
Attorney for Plaintiff
528 Bridge St NW, Ste. 1A
Grand Rapids, MI 49504
(616) 235-4444